FILED
JUN 25 2018


UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| SILVER NICKOLICE MCCLANAHAN,<br><br>Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, Warden, and MARTY JACKLEY, Attorney General of South Dakota,<br><br>Defendants. | 1:18-CV-01002-CBK<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND ORDER DENYING CERTIFICATE OF APPEALABILITY |

Silver McClanahan filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his May 16, 1995, conviction and life sentence for first degree manslaughter. After initial consideration, petitioner was ordered to set forth cause, if any, why the petition should not be dismissed as untimely.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one year period of limitations begins to run from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner pleaded guilty to voluntary manslaughter and was sentenced to life imprisonment on May 16, 1995. He filed an application for a writ of habeas corpus in state court in 2010. The Fifth Judicial Circuit denied the petition on August 16, 2017. As set forth in the order to show cause, fifteen years elapsed between the date petitioner's conviction and sentence became final and the date petitioner filed his state court petition for a writ of habeas corpus. Petitioner's one year period of limitations expired well before he filed his state court petition challenging his conviction and sentence of imprisonment.

Petitioner has not identified any provision of § 2244(d)(2) which would have extended the limitations period. Nor has he identified "extraordinary circumstances" beyond his control that made it impossible to file a petition on time and thus warranting equitable tolling. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). In response to the order to show cause why the petition should not be dismissed, petitioner asserts that he received ineffective assistance of counsel during his state trial and appellate proceedings, that he had inadequate access to a law library, and that he was not advised that a one year period of limitations existed. None of the foregoing constitute extraordinary circumstances. *Id.*

Based upon a review of the state court criminal and habeas records and petitioner's response to the order to show cause, summary dismissal of the petition is appropriate pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

Now, therefore,

IT IS ORDERED that the petition for a writ of habeas corpus is denied as untimely. Petitioner's motions to appoint counsel, to take judicial notice, and to show cause to proceed, Docs. 5, 9, and 10, are denied.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's untimely petition for a writ of habeas corpus. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 25th day of June, 2018.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge